## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------x

**ANA SEMEDO,**                                              **CIVIL ACTION NO.:**

                          **Plaintiff,**

                **v.**

**BOSTON BUILDING SERVICE EMPLOYEES
TRUST FUND LONG TERM
DISABILITY PLAN, and**
**AETNA LIFE INSURANCE COMPANY,**                           **COMPLAINT**

                        **Defendants.**
-------------------------------------------------------------x

Plaintiff, ANA SEMEDO, by her attorney, STEPHEN L. RAYMOND, ESQ., as and for her Complaint against the defendants, BOSTON BUILDING SERVICE EMPLOYEES TRUST FUND LONG TERM DISABILITY PLAN ("LTD PLAN" or "Plan"), and AETNA LIFE INSURANCE COMPANY ("AETNA"), alleges as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Long Term Disability ("LTD") benefits.

2.      Under the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA") (29 U.S.C. §§ 1001, *et seq*.), the LTD Plan at issue in this litigation must contain provisions for an administrative or internal appeal of a denial of benefits.  Plaintiff has exhausted all of her remedies under the terms and conditions of the relevant Plan.  She has

received a final denial on her claim and, therefore, this matter is properly before this Court for *de novo* judicial review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.      Plaintiff, ANA SEMEDO, is a resident of Brockton, Massachusetts.

4.      Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.  The Plan is administered, the defendant, Plan, is to be found, and the breach took place, within this district.

## NATURE OF ACTION

5.      Plaintiff's  claim seeks a declaration that Plaintiff is entitled to LTD benefits pursuant to an employee benefit plan providing for long term disability benefits, sponsored and administered by Plaintiff's employer, BOSTON BUILDING SERVICE EMPLOYEES TRUST FUND, and insured and/or administered in some part by AETNA, and an order requiring payment of said benefits.  As Plaintiff's claim arises under an employee benefit plan, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action.  Said benefits were effective at all times relevant hereto.

## THE PARTIES

6.      Plaintiff, ANA SEMEDO, is a 60-year-old woman who was born in 1952.

7.      Defendant, LTD PLAN is an employee welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. § 1002(1), which may be sued as an entity under ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).

8.      Defendant, AETNA, is engaged in the business of disability insurance, and is licensed and authorized to engage in the business of insurance within the Commonwealth of Massachusetts.  For purposes of this matter, AETNA issued its group policy of LTD insurance to Plaintiff's employer (group policy number 619350) in the Commonwealth of Massachusetts

## STATEMENT OF FACTS

9.      Plaintiff worked from approximately 1996 through 2002, in various capacities, cleaning laundry, cleaning rooms and offices, and later from approximately 2002 through December 8, 2008, as an Organizer for Boston Building Service, in which capacity she performed worker support during the union grievance process, and field support during union related issues.  She stopped work on December 8, 2008, due to chronic knee pain, back pain, and has been diagnosed as suffering from, inter alia, hypertension, GERD, hypothyroidism, obesity, depression and anxiety.  The combination of her physical and secondary psychiatric symptoms have precluded Plaintiff's ability to return to work from the date benefits were last paid under the LTD Plan (June 30, 2011) through the present.

10.     For a period up to and including December 8, 2008, Plaintiff, together with other active full time employees, was covered as a participant under the LTD Plan, which was sponsored, funded, and administered by Plaintiff's employer, and insured by AETNA.  The Plan provides for payment of monthly income benefits to participants who become disabled.  Payments under the Plan begin after an elimination period of 180 days.  The monthly benefit is determined by the Plan based on a set percentage of pre-disability "monthly Covered Earnings."

11.     The LTD Plan provides, in pertinent part:

From the date that you first become disabled and until the Monthly Benefits are payable for 24 months, you will be deemed to be disabled on any day if:

3

- you are not able to perform the **material duties** of your **own occupation** solely because of:  disease or **injury**; and

- your work earnings are 80% or less of your **adjusted predisability earnings**.

After the first 24 months that any Monthly Benefit is payable during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any **reasonable occupation** solely because of:

- disease; or

- **injury**.

LTD Plan Summary at 2 (emphasis in original).


12.     Reasonable occupation is defined by the Plan as "any gainful activity for which you are; or may reasonably become; fitted by: education; training; or experience; and which results in; or can be expected to result in; an income of more than 80% of your adjusted predisability earnings."  LTD Plan Summary at 15.


13.     Plaintiff ceased work on December 8, 2008, as a result of the combination of her impairments which are outlined, *supra*.


14.     As a result of her conditions, Plaintiff submitted a claim for short term disability, or "temporary disability" ("STD") benefits under the Boston Building Service Employees Trust Fund STD Plan.  She arranged for the submission of:  completed claim forms; attending physicians' statements; and supportive medical records, to AETNA, the STD Plan's claims administrator.


15.     Benefits were paid for the duration of the STD maximum benefit period (26 weeks), and Plaintiff's claim was converted to a claim for LTD benefits.

16.     Plaintiff's LTD claim was approved, and she was paid benefits under the terms and conditions of the LTD Plan, and in particular, the relevant definition of disability quoted, *supra*, through June 30, 2011.

17.     By letter dated June 30, 2011, AETNA denied Plaintiff's claim for LTD benefits beyond said date.  The letter's rationale included, *inter alia*, that although it was determined that Plaintiff was disabled from performing her own light physical demand level occupation, as of 12/10/2010, it was determined that the documentation "supported functional capacity for occasional walking, standing activity, overhead work, and lifting up to 10 pounds," and the "medical documentation does not support restrictions and limitations with regard to fingering/grasping activity."  AETNA also cited a Functional Capacity Evaluation that it had conducted, as well as Labor Market Analysis.  It concluded that it found that Plaintiff "no longer meet[s] the policy definition of disability as you could return to work in your own occupation."  The letter notified the Plaintiff that she could seek a review of this denial.

18.     On or about July 26, 2011, Plaintiff requested (through predecessor counsel) a review of the denial of her claim and provided updated medical documentation in support.  She also requested "any and all copies of documents relevant to her [claim] termination."

19.     In further support of her claim, Plaintiff also provided updated medical documentation including a narrative report from her treating psychiatrist.

20.     Thereafter, on or about October 28, 2011, the Plan, through AETNA denied Plaintiff's claim upon review, upholding the prior denial of benefits notwithstanding Plaintiff's submission of additional supportive medical evidence.  Defendants' justification for the continued denial of the claim included reference to reports from occupational medicine and psychiatric consultants.  The occupational medicine consultant reportedly concluded, in part:

> [T]he claimant does appear to have functional impairment from a physical perspective due to chronic knee osteoarthritis, however, not to a point in which she would be impaired from any occupation. . . . [S]he would be most suited for a sedentary type of position because of the osteoarthritis in the knees for the period of 06/30/11 through the present.

There was no evaluation cited to determine the extent of the Plaintiff's claimed non-exertional symptoms (such as pain) on her abilities to perform, and sustain a sedentary occupation. The psychiatric consultant was cited to conclude, in sum: "the data do not adequately or convincingly support functional impairments as a result of a mental condition from 06/30/11 onwards."

Defendants indicated that Plaintiff had exhausted her administrative remedies, and noted that she may ask for, and receive, copies of relevant documents.

21.     By letter dated February 6, 2012, Plaintiff (through counsel) requested a copy of her complete claim file, and also requested all relevant documents pertaining to Plaintiff's claim, to include copies of all internal "statements of claims procedures, policies, or guidelines applicable to the evaluation of claims under [the Plan] and in particular, concerning the benefit for the claimant's diagnoses (that is, concerning monthly LTD benefits), whether or not they were actually relied upon in making the benefit determination." See 29 CFR § 2560.503-1(m)(8)(iv).

22.     The Plan forwarded some of the requested records from Plaintiff's claim file on or after March 15, 2012; however it failed and refused to provide Plaintiff with any of the requested internal claims procedures, policies, or guidelines, notwithstanding whether they are "relevant documents" as provided by ERISA regulations.

23.     Defendants did not properly apply the provisions of the Plan to Plaintiff's claim.

24.     Plaintiff has remained disabled in accordance with the terms and conditions of the LTD Plan, from June 30, 2011, when benefits were suspended, through the date of the filing of this action.

25.     As of December 26, 2009, Plaintiff has been found "disabled" by the Social

Security Administration, with an onset date of April 1, 2009.  For Social Security purposes, the

term "disability" means the inability to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment(s) which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12

months.  See 42 U.S.C. § 423(d)(1).  AETNA was well aware of the information concerning

Social Security's decision; it had arranged to have Plaintiff represented before the

Administration by Allsup, and subsequently used the SSA award to calculate an offset to LTD

benefits under the Plan.


**AS AND FOR PLAINTIFF'S FIRST CLAIM:**
**FOR DEFENDANTS' FAILURE TO PROVIDE A FULL AND FAIR REVIEW**
**ERISA §§ 502(a)(1)(B), (a)(3), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3)**

26.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 25,

*supra*, as if fully set forth at length.


27.     To the date of filing this action, despite her request, Plaintiff has not received the

additional requested documents relevant to her claim.


28.     ERISA mandates, in relevant part:

[E]very employee benefit plan shall–

*               *               *

(2)     afford a reasonable opportunity to any participant whose claim for benefits
        has been denied a full and fair review by the appropriate named fiduciary
        of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).


29.     The regulations, promulgated to ensure the "full and fair review" protections

afforded by ERISA § 503 are available to participants of employee benefit plans provide that

every plan's benefit denial review procedure provide for a review by the participant of relevant

claim documents.  *See* 29 CFR § 2560.503-1(h)(2)(iii).

      30.     The regulations provide, in pertinent part:

> A document, record, or other information shall be considered "relevant" to a
> claimant's claim if such document, record, or other information

> (i)      Was relied upon in making the benefit determination;

> (ii)    Was submitted, considered or generated in the course of making the
> benefit determination, without regard to whether such document, record,
> or other information was relied upon in making the benefit determination;

>                 \*                      \*                     \*

> or

> (iv)    In the case of a group health plan or a plan providing disability benefits,
> constitutes a statement of policy or guidance with respect to the plan
> concerning the denied treatment option or benefit for the claimant's
> diagnosis, without regard to whether such advice or statement was relied
> upon in making the benefit determination.

29 CFR § 2560.503-1(m)(8)(i), (ii), and (iv).

      31.     Despite Plaintiff's requests for a copy of all relevant documents, the Plan and

AETNA have refused to provide such relevant documents, to include internal statements of

procedures, policies, or guidelines relative to her claim.

      32.     The Plan and AETNA's failure and refusal to provide Plaintiff with a copy of

documents relevant to her claim has prejudiced Plaintiff's claim, has denied her ERISA's

statutory right to a "full and fair review" of her claim as it has prevented her from mounting

additional argument in favor of her claim, and deprived her of the opportunity to submit such

additional evidence as may perfect her claim.

33.     Defendants' actions are in contravention of the mandates of ERISA, in contravention of the provisions of the subject LTD Plan itself, are a breach of AETNA's fiduciary duties as an ERISA administrator, and a clear abuse of discretion.

### AS AND FOR PLAINTIFF'S SECOND CLAIM:
### FOR LONG TERM DISABILITY BENEFITS
### ERISA §§ 502(a)(1)(B), (a)(3), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3)

34.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 33, *supra*, as if fully set forth at length.

35.     In administering its employee benefit plan and in resolving claims thereunder, the Plan and AETNA have the responsibility of determining whether claimants are disabled within the definitions of the applicable plans and policies so as to be entitled to benefits.  Crucial to those determinations is an understanding of the claimant's medical conditions and their effects on the claimant's abilities.

36.     Plan fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

37.     Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the LTD Plan, and in accordance with the provisions of ERISA.

38.     The LTD claim decisions rendered on behalf of the plan in the instant action have been made by AETNA, who insures the benefits under the defendant, LTD Plan, and as such cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus has acted under a conflict of interest.

9

39.     Plan fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

40.     Defendants' decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the LTD Plan.

41.     Defendants' decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence gathered during the review stages of Plaintiff's claim.

42.     Plaintiff is disabled within the terms of the LTD Plan maintained for the benefit of the Boston Building Service Employees.  Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to her disability from (and including) June 30, 2011, when benefits were suspended, and continuing for the time allowed under the LTD Plan.

**WHEREFORE,** Plaintiff prays for the following relief:

A.     That the Court determine and then declare that under the terms of the LTD Plan, that the Plaintiff's disability continued from (and included) June 30, 2011, within the term of coverage, and that she was and continued to be disabled within the Plan's provisions.

B.     That after making such a determination, the Court ORDER the Defendants, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said LTD Plan, from June 30, 2011, and continuing.

C.     That, if necessary, the Court ORDER the matter remanded to the Plan's claim administrator for such further and additional findings as may be reasonably necessary.

D.      That the Court award Plaintiff her reasonable attorney's fees pursuant to 29

        U.S.C. §1132(g), as well as interest, costs, and disbursements.

E.      That the Court award Plaintiff such further, necessary, or proper relief as it deems

        just and equitable in the circumstances.

Dated:          September 12, 2012

                                        PLAINTIFF
                                        By her attorney,

                                        LAW OFFICE OF
                                        STEPHEN L. RAYMOND, ESQ.

                        By:     */s/ Stephen L. Raymond*
                                Stephen L. Raymond
                                BBO #567753
                                3 Washington Square, Ste. 206
                                Haverhill, MA  01830
                                (978) 372-6590
                                (978) 372-6596 (fax)
                                slraylaw@aol.com

11