UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 12-11697-RWZ


ANA SEMEDO

v.

BOSTON BUILDING SERVICE EMPLOYEES TRUST FUND
LONG TERM DISABILITY PLAN
and
AETNA LIFE INSURANCE COMPANY


MEMORANDUM OF DECISION

July 19, 2013

ZOBEL, D.J.

Plaintiff Ana Semedo ("Semedo") brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 et seq., to challenge the denial of continued disability benefits by Aetna Life Insurance Company ("Aetna"), which both funded and administered the Boston Building Service Employees Trust Fund Long Term Disability Plan ("the LTD Plan"). Pending before the court now is Semedo's motion for pre-trial discovery and to expand the administrative record (Docket # 19).

Prior to ceasing work in December 2008, Semedo was employed as a service center organizer for Boston Building Service. Her responsibilities included providing worker support during the union grievance process and field support for union-related

issues. She stopped work on December 8, 2008, due to knee and back pain[1] and was paid full short-term disability benefits for the maximum period of 26 weeks. Semedo was thereafter transitioned to long-term disability ("LTD") benefits and paid through June 30, 2011, when the benefits were discontinued by Aetna. The denial was based on Aetna's judgment that Semedo's ailments no longer met the policy definition of disability and she could return to work in her occupation. Aetna upheld its decision on appeal on October 28, 2011. In the meantime, on December 26, 2009, Semedo was found "disabled" by the Social Security Administration, with an onset date of April 1, 2009.

Semedo filed a complaint in this court on September 12, 2012, alleging that Aetna failed to provide full and fair review of her LTD claim under ERISA and that Aetna's denial of benefits was arbitrary and capricious. She asserts that Aetna, despite several requests, refused to provide her with certain relevant documents, including internal statements of procedures, policies, or guidelines relative to her claim. She also maintains that Aetna, as the insurer of the benefits, cannot render independent or fair decisions because it has a pecuniary interest in the final determination.

Semedo seeks limited discovery from Aetna regarding three topics: (1) internal guidelines, policies, and procedures, which take the form of claims manuals or instructional and training documents available to Aetna's claims adjusters; (2) information as to the relationship between Aetna and its paid consultants and

---

[1] Semedo states that she has also been diagnosed with, inter alia, hypertension, gastroesophageal reflux disease, hypothyroidism, obesity, depression, and anxiety.

reviewers; and (3) information as to the relationship between Aetna and Allsup, Inc. ("Allsup"), a third-party firm hired and paid by Aetna to represent Semedo on her ultimately successful Social Security disability claim. Semedo also wishes to expand to record to add three pages: a February 20, 2012, letter from her counsel to Aetna requesting certain documents and Aetna's March 20, 2012, letter in response.

Appeals of ERISA benefit denials "typically are adjudicated on the record compiled before the plan administrator." Denmark v. Liberty Life Assur. Co., 566 F.3d 1, 10 (1st Cir. 2010). See also Liston v. UNUM Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003) ("The ordinary rule is that review for arbitrariness is on the record made before the entity being reviewed."). The First Circuit has therefore cautioned against permissive use of discovery in ERISA cases, Petrone v. Long Term Disability Income Plan for Choices Eligible Employees of Johns & Johnson and Affiliated Companies, Civ.A. 11-10720-DPW, 2013 WL 1282315, at *11 (D. Mass. Mar. 27, 2013), and "some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator," Liston, 330 F.3d at 23. "In some cases, a good reason has been found to exist when a party makes a colorable claim of bias." Denmark, 566 F.3d at 10.

Semedo bases her request for Aetna's internal guidelines, policies, training materials, and the like on Glista v. Unum Life Ins. Co. of America, 378 F.3d 113, 122-23 (1st Cir. 2004). In Glista, the First Circuit held that the administrator's internal policy documents and training materials were relevant in assessing the reasonableness of the benefits decision. Id. at 123. The Court also noted that ERISA regulations themselves

3

require that claimants be given access to all "relevant" documents, including "statement[s] of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnoses, without regard to whether such advice or statement was relied upon in making the benefit determination." 20 C.F.R. § 2560.503-l(h)(2)(iii) and l(m)(8)(iv); Glista, 378 F.3d at 123.  Although Glista was a decision on admissibility, not discoverability, courts in this circuit have applied its reasoning to allow discovery similar to that being sought here.  See Tebo v. Sedgewick Claims Management Servs. Inc., et al., CIV.A. 09-40068-FDS, 2010 WL 2036961, at *4 (D. Mass. May 20, 2010) (permitting discovery of administrator's internal guidelines, plans, and training materials); Weed v. Prudential Ins. Co. of America, CIV.A. 08CV10969-NG, 2009 WL 2835207, at *3 (D. Mass. Aug. 28, 2009) (finding that internal guidelines used to determine benefit entitlements are subject to discovery).  Accordingly, I allow Semedo's request for documents reflecting Aetna's internal guidelines, policies, procedures, and training materials, but only to the extent that they relate to the treatment of Semedo's claims, were in effect at the time of the benefits determinations, and were available to claims adjusters.[2]

Semedo's other discovery requests, however, are on shakier footing.  She claims that information relating to Aetna's relationships with its paid consultants and reviewers, as well as Allsup, is needed to explore the nature, magnitude, and effects of Aetna's conflict of interest in this case.  The Supreme Court in Metropolitan Life Ins.

---

[2] I withhold judgment as to whether the administrative record should be expanded to include any documents obtained in discovery.  If, after receiving Aetna's responses, Semedo seeks to supplement the record, she is directed to file an appropriate motion.  See infra p. 6.

Co. v. Glenn, 554 U.S. 105 (2008), acknowledged that a conflict of interest exists where, as here, a "plan administrator both evaluates claims for benefits and pays the benefits claim," id. at 112, and that reviewing courts "should take account of that circumstance as a factor in determining the ultimate adequacy of the record's support for the agency's own factual conclusion," id. at 119.  But the mere allegation of structural conflict alone does not "mandate automatic discovery."  McGahey v. Harvard. Univ. Flexible Benefits Plan, CIV.A. 08-10435-RGS, 2009 WL 799464, at *2 (D. Mass. Mar. 25, 2009).  See also Beattie v. Prudential Ins. Co. of Am., CIV.A. 10-30207-KPN, 2011 WL 24113458, at *1 (D. Mass. June 8, 2011) (finding that "a plaintiff in an ERISA matter must assert something more than structural conflict in order to obtain discovery.").  Rather, "[a] court should permit discovery only where a plaintiff makes a threshold showing that the denial of benefits was improperly influenced by the administrator's conflict of interest."  McGahey, 2009 WL 799464, at *2.

     Semedo has not made such a showing here.  Aside from a general allegation that Aetna "cannot render independent or fair decision because it has a pecuniary interest in the final determination," Compl. ¶ 38, she fails to make out any "colorable claim of bias," Denmark, 566 F.3d at 10, and "has made no attempt to bring to the attention of the court any aspect of the record which can fairly be read to reflect any conflict of interest," Beattie, 2011 WL 2413458, at *2.  See also Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 520 (1st Cir. 2005) (affirming district court's denial of discovery where "[t]here was no serious claim of bias or procedural misconduct toward [plaintiff]"); Petrone, 2013 WL 1282315, at *11 (conflict-based pretrial discovery not

5

warranted where plaintiff made failed to point to any evidence or "articulate any colorable theory" to indicate that compensation or performance of claims handler was linked to number of denials). Because Semedo has not provided a "very good reason" to set aside the First Circuit's clear preference for limiting review to the administrative record, her requested discovery regarding Aetna's relationship with its paid consultants/reviewers and Allsup is unwarranted.

Finally, Semedo's request to supplement the administrative record with three additional pages is denied. Semedo asserts that these pages, which consist of correspondence between parties' counsel after Aetna's final decision on her claim, are relevant to Aetna's failure to provide full and fair review because they show that Aetna did not turn over relevant internal documents despite being given "a second chance" to do so. However, as Semedo acknowledges, these pages are not ultimately relevant to the reasonableness of Aetna's decision to deny LTD benefits. Because the documents will not aid the court in its review of the benefits determination, they will not be added to the record.

In conclusion, Semedo's motion for limited pre-trial discovery and to expand the scope of the judicial record (Docket # 19) is ALLOWED IN PART and DENIED IN PART. The motion is allowed as to discovery on proposed Document Requests Nos. 1 and 2 (Docket # 20, Ex. A), limited to the time period relevant to Semedo's claim (January 1, 2008 through December 31, 2011). The motion is denied in all other respects. Aetna shall provide responses to Semedo's Document Requests Nos. 1 and 2 by August 1, 2013. To the extent Semedo seeks to supplement the administrative record with any materials received in discovery, she shall move to do so by August 15, 2013. Aetna shall file any opposition to expanding the record by August 29, 2013.

|  |  |
|---|---|
| July 19, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |